IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>ROBIN WEBSTER MINTON, (02),<br><br>　　　　Defendant.<br>_____ | ) Criminal No. 02-00341 HG-02<br>)<br>)<br>) **ORDER GRANTING DEFENDANT'S**<br>) **MOTION TO CORRECT MISTAKE IN**<br>) **THE JUDGMENT**<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER GRANTING DEFENDANT'S MOTION
TO CORRECT MISTAKE IN THE JUDGMENT**

Defendant Robin Webster Minton ("Defendant") pled guilty to conspiracy to possess with intent to distribute a quantity of cocaine in excess of 500 grams, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  Defendant was sentenced to 60 months of imprisonment and 5 years supervised release and a $100 special assessment.

Defendant seeks the correction of the clerical mistake that occurred in the Statement of Reasons wherein the Court adopted the Presentence Investigation Report and Guideline Applications with certain changes pursuant to Chapter Two of the United States Sentencing Guidelines Manual determinations.  The Statement of Reasons failed to indicate that the Court had denied the 2-point adjustment for possession of a firearm contained in the Presentence Report.

For the reasons set forth below, Defendant's Motion is

GRANTED.

## PROCEDURAL HISTORY

On August 8, 2002, an indictment was filed against Michael Minton, Robin Webster Minton, Robert R. Maldonado and Ryan Kawika Sonognini.

On August 12, 2002, Robin Webster Minton waived arraignment and entered a plea of not guilty.

On March 19, 2003, Robin Webster Minton was charged in four counts of the First Superseding Indictment.

On May 7, 2004, Robin Webster Minton signed the Memorandum of Plea Agreement and entered a guilty plea as to a portion of Count 1 of the First Superseding Indictment.  The Court adjudged her guilty as to Count 1, conspiracy to possess with intent to distribute a quantity of cocaine in excess of 500 grams, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

On April 7, 2005, the Court accepted the Memorandum of Plea Agreement.  The Court sentenced Robin Webster Minton to 60 months imprisonment, 5 years supervised release and a $100 special assessment.  The Court granted the Government's Motion to Dismiss Counts 2, 3 & 4 of the First Superseding Indictment.

On August 10, 2005, Robin Webster Minton filed a "Motion To Correct Mistake in the Judgment."

On August 30, 2005, the government filed a response to the motion.

**ANALYSIS**

On March 19, 2003, Defendant Robin Webster Minton ("Defendant") was charged in a four counts of the First Superseding Indictment. Count 1 of the First Superseding Indictment charged that Defendant, along with her then husband Michael Minton and two other persons did conspire together with each other and with other persons known and unknown to the grand jury, to knowingly and intentionally distribute and possess with intent to distribute a quantity of methamphetamine, its salts, isomers and salts of its isomers in excess of 50 grams, and to distribute and possess with intent to distribute a quantity of cocaine, in excess of 500 grams, both Schedule II controlled substances, in violation of 21 U.S.C. § 841(a)(1). The count describes 7 overt acts, all in violation of 21 U.S.C. § 846.

On May 7, 2004, Defendant entered a guilty plea as to Count 1 of the First Superseding Indictment. In Defendant's plea agreement and her plea of guilty, Defendant pled guilty to conspiracy to distribute and possess with intent to distribute a quantity of cocaine in excess of 500 grams, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The prosecution agreed to move to dismiss the remaining counts of the First Superseding Indictment after sentencing, including the methamphetamine in Count 1 of the First Superseding Indictment.

On April 7, 2005, the Court sentenced Robin Webster Minton

to 60 months imprisonment, 5 years supervised release and a $100 special assessment. The Presentence Investigation Report recommended a 2-point enhancement for the possession of a firearm. (Presentence Investigation Report at ¶ 58.) The Court found that there was not sufficient evidence as to the gun, and denied the 2-point enhancement. The Court also found that Defendant was not truthful during her debriefing with the federal agents, and so she did not qualify for the safety valve. The Court also denied Defendant's Motion for Downward Departure.

The Court recommended to the Bureau of Prisons that Defendant participate in drug treatment, educational and vocational training programs. At the request of Defendant, the Court recommended placement at the facility at Dublin, California. Defendant's counsel, in his Declaration, states that Defendant's case has been reviewed by the Bureau of Prisons and that she has been informed that she will not be transferred to the Federal Prison Camp at Dublin. (Harrison Decl. at ¶ 8.) Defendant alleges that the omission of the denial of the firearm enhancement in the Statement of Reasons was an error.

**A.   THE JUDGMENT AND STATEMENT OF REASONS EACH CONTAIN A CLERICAL ERROR.  FEDERAL RULE OF CRIMINAL PROCEDURE 36 IS APPLICABLE.**

Defendant moves for the Court, pursuant to Federal Rule of Criminal Procedure 36, to correct a clerical mistake in the Judgment, Statement of Reasons, and Presentence Investigation

Report.  Federal Rule of Criminal Procedure 36 provides "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  Fed.R.Crim.P. 36.  The Ninth Circuit Court of Appeals has been consistent in finding that "Rule 36 is a narrow provision limited to correction of errors of no more than clerical significance."  United States v. Kaye, 739 F.2d 488, 490 (9th Cir. 1984).  See also United States v. Jones, 608 F.2d 386, 389 (9th Cir. 1979) and United States v. Marchese, 341 F.2d 782, 788 (9th Cir. 1965).

Defendant requests that the Statement of Reasons and Presentence Investigation Report "be amended to conform the record to the intention of the Court and parties."  (Harrison Decl. at ¶ 10).

    **1.**    **THE JUDGMENT**

The Judgment does contain error, as it states that Defendant pled guilty to conspiracy to distribute and possess with intent to distribute in excess of 50 grams of methamphetamine as well as in excess of 500 grams of cocaine, both Schedule II controlled substances.  Defendant pled guilty to conspiracy to distribute and possess with intent to distribute in excess of 500 grams of cocaine, a Schedule II controlled substance, but not methamphetamine.  (Plea Agreement at ¶ 6.)  The plea agreement

states that Defendant did not plead guilty to the methamphetamine alleged in Count I. (Id.)  The Court, at sentencing, did not find the Defendant guilty with respect to the methamphetamine.

The Judgment is AMENDED to include the conviction for conspiracy to distribute and possess with intent to distribute in excess of 500 grams of cocaine, a Schedule II controlled substance.  The Judgment shall not include a conviction for methamphetamine.

### 2. THE STATEMENT OF REASONS

Defendant correctly points out the original Statement of Reasons did not state that the Court denied the firearm enhancement.  The Court, at sentencing, found that there was not enough evidence to indicate control of the methamphetamine or the gun located in the hotel room.  In order to accurately reflect the findings of the Court, the Statement of Reasons should have stated that the Court denied the firearm enhancement.

At sentencing, the Court ruled that Defendant did not qualify for the safety valve, finding that she was not totally truthful in terms of reporting her position.  The Court stated at sentencing that as to

> "the question of whether or not she has been truthful, I do not find her credible.  I find that based on the kind of information that I have through all of the pleas of the people in this conspiracy, the amount of drugs involved in the overall conspiracy and the other aspects, including the guns, et cetera....This was going on at her house, this was going on with her husband, with her son, with people coming and going,

6

  and I do not believe she was ignorant in the manner she puts herself forward as being ignorant. I just don't believe it. So I don't find her qualified for the safety valve because I don't think she has been totally truthful in terms of reporting her position."

The Statement of Reasons, though orally modified during the sentencing hearing to conform with the findings of the Court, did not reflect the Court's denial of the safety valve because Defendant was not truthful. The Statement of Reasons is AMENDED to reflect the findings of the Court.

The amended Statement of Reasons now sets out that the Court finds Defendant not guilty of the distribution of methamphetamine and that the base offense level is 26. The 2-level enhancement for possession of firearm does not apply, and Defendant does not qualify for the "safety valve" provision because she was not entirely truthful when being debriefed by federal agents. The amended Statement of Reasons also reflects that the Court finds Defendant qualifies for the 3-level decrease for acceptance of responsibility, and Defendant's total offense level is 23.

## CONCLUSION

The Judgment and Statement of Reasons are AMENDED.

1. The amended Judgment reflects that Defendant was found guilty of conspiracy to possess with intent to distribute a quantity of cocaine in excess of 500 grams, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

2. The amended Statement of Reasons reflects that the Court did

not find the Defendant was in control of the methamphetamine or firearm located in the hotel room.  The Defendant was not given the 2-level enhancement for the firearm, and the Court denied the safety valve reduction because Defendant was not found to be truthful when debriefing the federal agents.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, March 15, 2006.



_____
Helen Gillmor
Chief United States District Judge

United States v. Minton, Criminal No. 02-00341 HG-02; **ORDER GRANTING DEFENDANT'S MOTION TO CORRECT MISTAKE IN THE JUDGMENT**